UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN E. BRAZIL,

    Plaintiff,

vs.

Correctional Officer G. A. RICE; Correctional Officer T. CLEARY; Sergeant P. J. FRUDDEN; Captain F. G. AHL; Warden A. P. KANE; Appeals Coordinator W. B. CHILDRESS; Director of Corrections JEANNE S. WOODFORD; and Senior Special Agent MARK MIRVISS,

    Defendants.

No. C 05-1164 (PR)

**ORDER OF DISMISSAL**

**NOT FOR CITATION**

This is a civil rights case filed pro se by a state prisoner. In the initial review order plaintiff's claims against defendant Rice were dismissed with leave to amend. His claims against the other defendants were dismissed with prejudice. Plaintiff has amended.

In the complaint, plaintiff contended that Rice, a correctional officer, habitually failed to pick up and deliver legal mail to inmates until the end of his shift. Plaintiff alleges that he repeatedly complained to Rice about this, and threatened to sue him. On August 16, 2004, Rice delivered incoming legal mail right at the end of his shift, and plaintiff refused it and again threatened to sue Rice. Rice then allegedly threatened to have plaintiff moved. Plaintiff "dared him to further violate [plaintiff's] rights." Plaintiff wrote up a grievance and the next day showed it to Rice. Rice then left a Post-it asking that plaintiff be moved. Plaintiff does not say why, but he was not moved.

In the initial review order, the court concluded that although plaintiff had not stated a

claim that Rice's actions were a violation of his right of access to the courts, he might be able to state a claim that the threat and request to move plaintiff were retaliation for plaintiff's exercise of his First Amendment free speech rights.  However, plaintiff had not alleged that Rice's actions had no legitimate penological purpose nor that facts showing that he was harmed, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (requirements for retaliation claim), so the claims against Rice were dismissed with leave to amend.

The court noted in the initial review order that on the facts plaintiff had pleaded it appeared that Rice had a legitimate penological objective, namely that of separating Rice and plaintiff.  In the amendment plaintiff attempted to meet this by contending that Rice occasionally works in the area to which he might have been transferred, and that Rice could always be assigned there at some point in the future.  That is not enough.  It is still clear on the version in the amended complaint that there was a legitimate penological objective for Rice's actions, namely to at least reduce, if not eliminate, contact between a prisoner and a guard who were in conflict.  That is, plaintiff has pleaded facts which show he does not have a claim.  *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (facts pleaded by plaintiff may show that he or she has failed to state a claim; a plaintiff may plead herself out of court).  Because plaintiff has amended once and continues to allege facts showing that he does not have a claim, the dismissal will be without further leave to amend.

**CONCLUSION**

The complaint is **DISMISSED** with prejudice for failure to state a claim.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 24, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\BRAZIL164.DSM2

2