**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN E. BRAZIL,

        Plaintiff,

vs.

Correctional Officer G. A. RICE; Correctional Officer T. CLEARY; Sergeant P. J. FRUDDEN; Captain F. G. AHL; Warden A. P. KANE; Appeals Coordinator W. B. CHILDRESS; Director of Corrections JEANNE S. WOODFORD; and Senior Special Agent MARK MIRVISS,

        Defendants.

        /

No. C 05-1164 (PR)

**DENIAL OF MOTIONS TO RECONSIDER**

        This is a civil rights case filed pro se by a state prisoner. After allowing plaintiff to amend, the court dismissed the case and entered judgment. Plaintiff has moved to reconsider.

        In the original complaint, plaintiff contended that Rice, a correctional officer, habitually failed to pick up and deliver legal mail to inmates until the end of his shift. Plaintiff alleged that he repeatedly complained to Rice about this, and threatened to sue him. On August 16, 2004, Rice delivered incoming legal mail right at the end of his shift, and plaintiff refused it and again threatened to sue Rice. Rice then allegedly threatened to have plaintiff moved. Plaintiff "dared him to further violate [plaintiff's] rights." Plaintiff wrote up a grievance and the next day showed it to Rice. Rice then left a Post-it asking that plaintiff be moved. He was not moved.

///

In the initial review order, the court concluded that although plaintiff had not stated a claim that Rice's actions were a violation of his right of access to the courts, he might be able to state a claim that the threat and request to move plaintiff were retaliation for plaintiff's exercise of his First Amendment free speech rights. However, plaintiff had not alleged that Rice's actions had no legitimate penological purpose nor facts showing that he was harmed, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (requirements for retaliation claim), so the claims against Rice were dismissed with leave to amend. Plaintiff shortly thereafter filed what he called a "Rule 59(e) motion" asking the court to reconsider the dismissal of the other claims and defendants, and shortly thereafter, an amendment attempting to remedy the deficiencies of the claim against Rice.

The court noted in the initial review order that on the facts plaintiff had pleaded it appeared that Rice had a legitimate penological objective, namely that of separating Rice and plaintiff. In the amendment plaintiff attempted to meet this by contending that Rice occasionally works in the area to which he might have been transferred, and that Rice could always be assigned there at some point in the future. In a further screening order the court concluded that these allegations were not enough to avoid the fact that he had pleaded the existence of a legitimate penological objective for Rice's action. That is, he had pleaded facts which showed he did not have a claim. *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (facts pleaded by plaintiff may show that he or she has failed to state a claim; a plaintiff may plead herself out of court). The case was dismissed and judgment entered. The court did not explicitly rule on plaintiff's pending motion to reconsider the dismissal of the other defendants and claims, although the dismissal impliedly rejected it.

Plaintiff filed a timely motion to alter or amend the judgment on June 8, 2006. *See* Fed. R.Civ.P. 59(e). On June 14, 2006, without explanation, he filed another copy of his earlier Rule 59(e) motion, the one directed to the dismissal of the other claims and defendants. These motions are now before the court for ruling.

///

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *Id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

In his first motion plaintiff has failed to establish that the court was clearly in error in concluding that a legitimate penological objective for Rice's actions appeared on the face of his complaint. The motion (document number 19 on the docket) is **DENIED**.

Plaintiff's second motion is not timely as a Rule 59(e) motion, so will be considered under Rule 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Plaintiff does not attempt to come within these categories, but rather reargues his claims. The second motion (document number 20 on the docket) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 9, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\BRAZIL164.REC